IN UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHRISTINE B. SHERRILL,

            Plaintiff,

     v.                                        Case No. 3:10-cv-00827

COMMISSIONER OF SOCIAL
SECURITY,

            Defendant.

<u>MEMORANDUM & ORDER</u>

       This matter comes before the Court on plaintiff Sherrill's motion for an award of attorney's fees (Doc. 46). Sherrill seeks fees under the Equal Access to Justice Act which permits the Court to award attorneys' fees to a prevailing party in an action against the United States. 28 U.S.C.A. § 2412. The Court entered a "sentence four judgment" in favor of Sherrill on her complaint (Doc. 2) seeking judicial review of a social security determination on November 17, 2011 (Doc. 45).

       In order to be awarded fees under the Equal Access to Justice Act, Sherrill must prove she was the prevailing party; she is eligible to receive an award; and supply a statement of "the amount sought, including an itemized statement from any attorney ... stating the actual time expended and the rate" charged.  28 U.S.C.A. § 2412. Section 2412(d)(1)(B) further requires Sherrill to "allege that the position of the United States was not substantially justified." *Scarborough v. Principi*, 124 S. Ct. 1856 (2004). These allegations must be made in a petition to the Court filed within thirty days of the final judgment. 28 U.S.C.A. § 2412(d)(1)(B). "In sentence four cases, the filing period begins after the final judgment…is entered by the court and the appeal period has run, so that the judgment is no longer appealable...." *Shalala v. Schaefer,*

1

509 U.S. 292, 298 (1993). The appeals period runs for sixty days following the entering of judgment. Fed. R. App. P. 4(a)(1)(B). Sherrill then had an additional thirty days to file her motion for fees.

The Court entered its judgment (Doc. 45) on November 17, 2011. The appeals period ran on January 18, 2012. The thirty day window to file the motion for attorneys' fees thus expired on February 16, 2012. Sherrill made the present motion on February 24, 2012. The Court does not have the discretion to extend the motion deadline and therefore must **DENY** Sherrill's motion for attorneys' fees (Doc. 46) as untimely.

**IT IS SO ORDERED.**
**DATED:** May 1, 2012

s./ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**